IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE | ) | |
| PROGRESSIVE LIFE GIVING WORD | ) | Case No. 15-4271 |
| CATHEDRAL, a/k/a PROGRESSIVE | ) | Chapter 11 |
| MINISTRIES, | ) | Hon.  Jack B.  Schmetterer |
| DEBTOR, DEBTOR-IN-POSSESSION | ) | |

To:    Ronald Spinner, Miller Canfield via ECF
       Cara Houck, Miller Canfield, via ECF
       Patrick Lang., US Trustee, via ECF

## NOTICE OF MOTION

PLEASE BE ADVISED that on December 30, 2015 at 2:00 p.m., I shall appear before the Honorable Judge Schmetterer, or any other judge sitting in his stead, at the 219 South Dearborn Street, Room 682, Chicago, Illinois, and I will then and there present the FINAL APPLICATION OF RICHARD L. HIRSH FOR COMPENSATION AND REIMBURSEMENT,  a copy of which is attached hereto and is hereby served upon you, at which time and place you may appear as you see fit to do.

## CERTIFICATE OF SERVICE

I, the undersigned, an attorney, hereby state that pursuant to Section II, B, 4 of the Administrative Procedures for the Case Management/Electronic Case Filing System, I caused a copy of the foregoing NOTICE and MOTION  to be served on all persons set forth above on the Service List identified as Registrants through the Court's Electronic Notice for Registrants on December 4, 2015.

/s/ Richard L Hirsh
Richard L. Hirsh

Richard L. Hirsh (Atty. ID# 1225936)
1500 Eisenhower Lane, #800
Lisle, IL 60532
630 434-2600
630/434-2626 (fax)

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE | ) | |
| PROGRESSIVE LIFE GIVING WORD | ) | Case No. 15-4271 |
| CATHEDRAL, a/k/a PROGRESSIVE | ) | Chapter 11 |
| MINISTRIES, | ) | Hon. Jack B. Schmetterer |
| DEBTOR, DEBTOR-IN-POSSESSION | ) | |

FINAL APPLICATION OF RICHARD L. HIRSH, P.C. and RICHARD L. HIRSH
FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES

Richard L. Hirsh, P.C. ("RLHPC"), and Richard L. Hirsh, bankruptcy counsel for

Progressive Life Giving Word Cathedral, ("PLGWC") Debtor and Debtor-in-Possession (the

"Debtor") in the above captioned chapter 11 case, pursuant to sections 327, 330 and 331 of title 11

of the United States Code (as amended, the "Bankruptcy Code"), Fed. R. Bankr. P. 2016 (the Federal

Rules of Bankruptcy Procedure are referred to herein as the "Bankruptcy Rules") and Local Rule

5082-1 of the Bankruptcy Rules for the Northern District of Illinois (the "Local Bankruptcy Rules"),

respectfully makes application for compensation and reimbursement of expenses for the period of

February 6, 2015 to December 3, 2015, (the "Application"). In support of its Final Application,

Applicants state as follows:

Background

1.     On February 10, 2015, PLGWC filed a voluntary petition for relief (the "Bankruptcy Cases")

under chapter 11 of title 11, United States Code (the "Bankruptcy Code") in the United States

Bankruptcy Court for the Northern District of Illinois (the "Bankruptcy Court") case #15-

4271.

2.     PLGWC is a not-for-profit corporation approved pursuant to §501(c)(3) of the Internal

Revenue Service.  It is a religious organization and conducts its ministry at the properly

located at 4500 Frontage Road, Hillside Illinois 60162.  The building was previously as six-

screen movie theater which was bought by the debtor and converted to a multi-function

church property.

3.      Virtually all of the "income" of the debtor is derived from donations and tithing of its

members.

4.      In 2014 the debtor fell behind in its mortgage payments and the mortgagee VFC Partners 27

LLC commenced foreclosure proceedings in October, 2014.  Litigation ensued however the

debtor determined to seek relief in Chapter 11.

5.      Upon the request of Debtor, the Court, by Order dated March 5, 2015, appointed RLHPC and

Richard L. Hirsh  as counsel for the Debtor/DIP to represent it in this Chapter 11 case

retroactively to the Petition Date.   A copy of that order is attached hereto as **EXHIBIT 1**.

6.      In August, 2015 the undersigned presented an application for compensation and

reimbursement of expenses.  That resulted in entry of an order entered September 10, 2015

approving $20,000.00 in interim compensation, said sum having been paid by the Debtor

pre-petition.  That order also allowed the reimbursement of $2,396.56 for expenses which

was paid by the Debtor in September, 2015.  That same order provided by agreement that

VFC would not object to any future award of fees to the undersigned if there was a confirmed

plan approved by VFC.

7.      The only creditor to cast ballots in this case was VFC, which controlled all impaired classes

under the proposed Plan.  VFC voted against confirmation of the Second Amended Plan.

Subsequently the Debtor and VFC reached an accord which resulted in the confirmation of

the Debtor's proposed Third Amended Plan of Reorganization on November 24, 2015.

8.    This Application is the final application filed by Richard L. Hirsh and RLHPC, and seeks

compensation as counsel for the Debtor for the time period of February 6, 2015, through

December 3, 2015, and for reimbursement of expenses incurred during that period. That

would include all prior payments by the debtor.

9.    RLHPC and Richard L. Hirsh do not hold or represent any interest adverse to the estate, and

is a disinterested person as that term is defined in section 101(14) of the Bankruptcy Code.

Richard L. Hirsh previously filed his Affidavit in Support of Applications to Retain Richard

L. Hirsh as counsel for the Debtor under 11 U.S.C. §327(a) (the "Affidavit").

10.    Richard L. Hirsh, a solo practitioner practicing through RLHPC performed services for

which he is seeking compensation on behalf of or for the Debtor and its estate and not on

behalf of any committee, creditor or other person.

11.    Except to the extent of the advance payment retainer in the amount of $20,000.00, paid to

RLHPC prior to the petition being filed, and which was previously disclosed to this Court,

Richard L. Hirsh and RLHPC have received no payment and no promises for payment from

any source for services rendered or to be rendered in any capacity whatsoever in connection

with this Chapter 11 Case except for the sum of $2,396.56 approved by the Court and paid

by the Debtor post-petition.

Jurisdiction

12.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1334. This is a core

proceeding pursuant to 28 U.S.C. §157(b)(2)(A) and (M). The statutory and legal predicate

for the relief sought herein is §105(a), 330 and 331 of the Bankruptcy Code.

Case Status

13.    The Debtor has paid all quarterly fees due to the United States Trustee and all Monthly and

Quarterly Operating Reports have been filed.

14.    As noted above, confirmation of the Third Amended Plan was entered on November 24,

2015, on that date VFC withdrew its motion to dismiss or alternative motion for relief from

the automatic stay.  The Court set December 30, 2015 as the date for entry of a final report

and decree.

Nature of Legal Services Performed by Richard L. Hirsh and RLHPC

15.    Richard L. Hirsh is a solo practitioner and conducts his practice through Richard L. Hirsh,

P.C.  His offices are located in Lisle, Illinois, a western suburb of Chicago.

16.    By this Application, Richard L. Hirsh and RLHPC seek a final award under Bankruptcy Code

§330 for the application of payment in the amount of $51,052.00 for services rendered to the

Debtor in connection with this case through December 3, 2015 and $2,617.87 in

reimbursement of expenses incurred by RLHPC during that same period for expenses.  As

noted above, $20,000.00 for fees was paid prepetition and approved by the court plus

expenses were awarded and paid in the amount of $2,396.56.  Accordingly, net payments are

sought by this final application of $31,052.00 for compensation and reimbursement of

additional expenses in the sum of $221.31.  In accordance with section 330 of the

Bankruptcy Code, the amount of fees requested is fair and reasonable given:  (1) the

complexity of the Chapter 11 case; (2) the time expended; (3) the nature and extent of the

services rendered; (4) the value of such services; and (e) the costs of comparable services

other than in a case under the Bankruptcy Code; and the outcome of this case which resulted

in a confirmed chapter 11 case which, inter alia, reduced the secured claim on Debtor's

Church property by more than $1,000,000.00.

17.     In summary, Richard L. Hirsh and RLHPC have assisted the Debtor in the administration of

its estate and have performed the services set forth on the schedule attached hereto and made

part hereof as Exhibit 2.  Exhibit 2 identifies the services performed, the date and amount of

time involved, the individual performing the service,  and the billing rate of the individual,

broken into categories of work performed.  The services performed and documented by

Exhibit 2 include, but are not limited to:  providing legal advice to Debtor concerning

management and operations as debtor-in-possession; representing Debtor in negotiations

with VFC secured creditor, and counsel for the various constituencies in this case; analysis

of assets, recovery of assets and asset disposition;  managing the filing, drafting, serving and

noticing of a substantial number of pleadings and papers in this case; and responding to

inquiries from creditors; review of operating reports, preparation of the Plan and Disclosure

Statement, projections, liquidation analysis and amortization table, negotiation with the

secured lender, revision of the Plan, and review of mortgage and mortgage foreclosure

documents required by the confirmed Plan.

18.     The services listed above were rendered primarily from February 6, 2015 through December

3, 2015.

19.     Initially the services rendered involved filing the petition, preparation of the schedules and

related papers, application for employment.  Numerous court appearances were made in

connection with these activities.  Thereafter activities shifted to dealing with the motion to

dismiss or lift the stay filed by VFC, and then the preparation of the plan and disclosure

statement and the related documents such as projections and liquidation analysis, and review

of the operating reports and financial documents of the debtor, including preparation of a

massive volume of financial documents requested by the court, including ledgers, bank

statements, and P&L statements.   Substantial time was expended in the review and

preparation of documents related to the pending mortgage foreclosure and resolution of

issues in that case which will survive the confirmation in the event of a default in plan

payments.

20.   All of the services performed for which compensation is sought were performed by Richard

L. Hirsh as he is a solo practitioner (except for a short period of time when an associate was

hired, however she performed no services in connection with this case) and employs no other

attorneys.

21.   The expenses incurred were the filing fee of $1,717.00.  Other major expenses were $205.00

for outside printing and binding of four sets of financial documents for the court, VFC and

the US Trustee.  Expenses for parking and travel costs between Chicago and Lisle, IL, were

charged $657.00.   (No fees were charged for travel time however.)

22.   As additional support of this Application, Richard L. Hirsh and RLHPC has attached hereto

Exhibit 3 which summarizes major services and expenses in categories as follows:

a.   Exhibit 3 is a breakdown of activity by major categories of activity[1].  Exhibit 2 gives
a detailed description of activities and services rendered on a daily basis.  To avoid
the "clumping issue" Exhibit 2 does breakdown the services rendered on each day
into different categories and give the time devoted to those specific activities.
Exhibit 3 is a broader description.

_____

[1]For any given date, the billing system in use reflects the first description for all the hours posted
in that entry, regardless of the breakdown made in the entry.

6

    i.      "Court" refers to all time spent in court.  Total time 18.50 hours

    ii.     "Meeting" would refer primarily to meetings with the client for the purpose of preparing the petition for relief and schedules; preparation of discovery materials in the dismissal litigation; preparing and reviewing financial documents; Total time 30.64 hours

    iii.    "Preparation of pleadings" would include preparation of motions, response to motions,  responses and replies on motions.  In this category the major activities would have been preparation of the response to plaintiff's motion for dismissal or relief from the automatic stay.  This also included more routine motions such as acceptance of  leases, engagement of counsel and later CPA Goldsmith. Total time 18.18 hours.

    iv.    Preparation would include  preparation for hearing, preparation of discovery responses[2], preparing trial materials such as witness examination; Trial Brief; Joint Pretrial statement; Proposed findings of Fact and Conclusions of Law; Stipulation of Facts; review of transcripts and outlining anticipated testimony. Review of the entries for this category would also many ours of research which were not separately itemized under that heading. Total time 41.29 hours.

    v.     "Research" includes time spent doing legal research – primary online; much of the legal research was included in the time for preparation of responses to the motion for dismissal.  Many hours of research are noted in the entries under "preparation of pleadings" Total time 1.17

    vi.    "Review"   – these categories would encompass initial review of discovery materials, review of operating reports and other financial documents.  Total time   9.65 hours.

    vii.    "Telephone" – this would reflect telephone conversations related to this case with client and others – opposing counsel, US Trustee's office, CPA Goldsmith. Many conversations are recorded under other headings; and candidly many conversations were never recorded.  Total time 5.95 hours

    viii.    Expenses: Total $2617.81  The expenses incurred were the filing fee of $1717.00.  Other major expenses were $205.00 for outside printing and binding of four sets of financial documents for the court, VFC and the US Trustee.  Minor expenses for parking and travel costs between Chicago and Lisle, IL, were charged ($657.00)  (No fees were charged for travel time however.)

    b.    Total services = 127.66 hours of services = $51,052.00; total expenses $2617.87

23.    The work performed and the services rendered for which compensation is requested, as well

---

[2]Discovery responses were prepared; unfortunately it does not appear to been included in the bill.

as the incurring of expenses for which reimbursement is requested, were necessary and proper in representing the Debtor in this case.

24.    The professional services rendered by Richard L. Hirsh and RLHPC during the Application period are grouped into titled project categories, the titles and scope of work are as suggested under section 330 of the Bankruptcy Code, and are described in paragraph 23 above.

25.    It is Richard L. Hirsh and RLHPC's policy not to charge clients for travel time; in-house photocopy or routine postage, secretarial time, word processing or other items of overhead. Charges are specified for such items as outside photocopy, printing or binding (e.g. binders with financial documents).

26.    All of the services performed by Richard L. Hirsh and RLHPC were required for the proper representation of the Debtor in this case, were authorized by the Court and were performed by Richard L. Hirsh and RLHPC at the request and direction of the Debtor.  Pursuant to Bankruptcy Code Section 331 and the generally applicable criteria of the time, nature, extent and value of the service performed, all of Richard L. Hirsh and RLHPC's services are compensable.

27.    There has been no duplication of services by the members or associates of Richard L. Hirsh and RLHPC, as there are none.

28.    The rates at which Richard L. Hirsh and RLHPC seeks compensation are its usual and customary standard hourly rates charged for work, both bankruptcy and non-bankruptcy, performed for other firm clients.

   a.    In respect to the usual and customary rates, the court is advised that the undersigned Richard L. Hirsh has been licensed to practice since 1976; his practice is

8

concentrated in bankruptcy and other litigation; he is a member of the Trial Bar of

the United States District Court since 1984; he has never been disciplined by any

court;

b.      The fees were calculated at the rate of $400.00 per hour, which it is submitted is

reasonable and customary given the nature of the work, the locale, and the skill and

expertise of Richard L. Hirsh.

29.     No agreement exists between Richard L. Hirsh and RLHPC and any third person for the

sharing of compensation received by Richard L. Hirsh and RLHPC in this case.

30.     From about February 6, 2015 through December 3, 2015, Richard L. Hirsh and RLHPC have

devoted more than 127 hours to represent the Debtor with respect to the above categories,

and has provided this estate with actual and necessary legal services worth a total of

$51,052.00, and has incurred necessary expenses totaling $2,617.87.

31.     The debtor paid the attorney $20,000.00 prepetition.  No other fees have been paid and one

other application for compensation was presented to the Court in this matter by the

undersigned.

32.     Debtor paid interim expenses of $2,396.56.

WHEREFORE, Richard L. Hirsh and Richard L. Hirsh, P.C.  respectfully request that this

Court:

A.      Allow Richard L. Hirsh and Richard L. Hirsh, P.C. compensation in the amount of

$51,052.00 for services rendered in this case which represents time from on or about February 6,

2015 through December 3, 2015;

B.      Allow Richard L. Hirsh and Richard L. Hirsh, P.C., reimbursement in the amount of

$2,617.87 for  expenses advanced during that period;

C.      That the debtor be credited with prepetition payments of $20,000.00 plus $2,396.56.

D.      That the Debtor be authorized and directed to pay to Richard L.  Hirsh and Richard L.  Hirsh,

PC the sum of $31,052.00 for fees plus $221.31 for reimbursement of expenses.

E.      Grant all other relief that is just and appropriate.

                                        Respectfully submitted,

                                        /s/ Richard L. Hirsh


Richard L. Hirsh
Richard L. Hirsh, P.C.
1500 Eisenhower Lane, #800
Lisle, IL 60532
630 434-2600
Atty. #1225936